UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

YVETTE WEINSTEIN, CHAPTER 7 TRUSTEE of the JOSH MOLINE BANKRUPTCY ESTATE,

    Plaintiff,

v.

VILLAGE OAKS MORTGAGE LLC; et al.,

    Defendants.

2:10-CV-0095-LRH-PAL

ORDER

    Before the court is plaintiff Yvette Weinstein's ("Weinstein") motion to remand filed on January 28, 2010. Doc. #7.[1] Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed an opposition on February 5, 2010. Doc. #8. Thereafter, Weinstein filed a reply on March 2, 2010 (Doc. #16), to which Wells Fargo filed a court-approved sur-reply on April 7, 2010 (Doc. #23).

**I.**  **Facts and Background**

    Weinstein, the Chapter 7 Trustee of the Josh Moline ("Moline") bankruptcy estate, filed an action in state court against defendants arising out of a mortgage loan and deed of trust entered into by Moline in 2006, two years prior to his filing bankruptcy. Defendant Wells Fargo removed the action based on federal question jurisdiction. Doc. #1. Thereafter, Weinstein filed the present motion to remand. Doc. #7.

---

[1] Refers to the court's docket number.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III. Discussion

### A. Federal Question Jurisdiction

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. As enumerated by statute, a district court has jurisdiction over all civil proceedings that arise under, arise in, or are related to a case under the bankruptcy code. 28 U.S.C. § 1334(b). Here, Weinstein's complaint relates to the bankruptcy estate because it involves property of the debtor. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) ("In general, causes of action existing at the time the bankruptcy petition is filed are considered property of the estate."). Moreover, Weinstein concedes that the state law causes of action in the complaint are property of the estate. Accordingly, the court has jurisdiction over the complaint.

### B. Mandatory Abstention

In cases related to, rather than arising under or arising in, the bankruptcy case, a district

court shall abstain from hearing the action and remand the action back to state court. 28 U.S.C. § 1334(c)(2) ("with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."). Abstention is mandatory in cases where: (1) the motion to remand is timely; (2) the underlying complaint contains only state law claims; (3) the underlying complaint is a non-core proceeding merely "related to" the bankruptcy case; (4) there is a lack of independent federal jurisdiction; (5) the action was filed in state court; (6) the state can timely adjudicate the action; and (7) the state court has jurisdiction. *See In re Kold*, 158 B.R. 175, 178 (C.D. Cal. 1993).

Here, the present action satisfies all the requirements for mandatory abstention. Weinstein's state law complaint was filed in a state court that has jurisdiction and can timely adjudicate the matter. Additionally, Weinstein's motion to remand was timely and establishes that there is no independent grounds for federal jurisdiction outside bankruptcy.

In opposition, Wells Fargo argues that the present action is a core proceeding precluding mandatory abstention. Core proceedings are those that "arise under" or "arise in" a bankruptcy action. 28 U.S.C. § 157(b). An action "arises under" a bankruptcy action if it is created by the bankruptcy statute. *In re Kold*, 158 B.R. at 178 (citing *In re Leco Enterprises, Inc.*, 144 Bankr. 244, 248 (S.D.N.Y. 1992). Further, an action "arises in" a bankruptcy action if it is an administrative matter within a bankruptcy action like a determination of claim priority or an order regarding fraudulent transfers. *Id*. (citing *In re Eastport Assoc.*, 935 F.2d 1071, 1076-77 (9th Cir. 1991). Thus, core proceedings are limited to "those actions that generally have no existence outside of bankruptcy." *Id*.

Here, Weinstein's complaint contains state law claims relating to Moline's purchase of property two years before filing bankruptcy. The action is based on defendants' alleged fraudulent

representations made during that transaction, and, as such, the complaint is independent of the bankruptcy action. Therefore, the instant matter is a non-core proceeding that is only related to, rather than arising under or arising in, the debtor's bankruptcy case. Accordingly, the court shall abstain from the action pursuant to 28 U.S.C. § 1334(c)(2) and shall grant Weinstein's motion to remand.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #7) is GRANTED. The present action, case no. 2:10-cv-0095-LRH-PAL, is REMANDED to the Eighth Judicial District Court for Clark County, Nevada.

IT IS SO ORDERED.

DATED this 11th day of May, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE